## BEDNARSH *v.* WINSHALL.

1. TRIAL—PRETRIAL SUMMARY.

   The summary of results of a pretrial conference controls the subsequent course of the action unless modified at or before trial to prevent manifest injustice (GCR 1963, 301.3).

2. SAME—PRETRIAL SUMMARY—MODIFICATION—DISCRETION OF COURT.

   A trial judge is vested with discretionary power to modify the pretrial summary at or before trial so as to prevent manifest injustice (GCR 1963, 301.3).

3. SAME—MODIFICATION OF PRETRIAL SUMMARY—DISCRETION OF COURT.

   Trial judge's modification of pretrial summary in action on notes in which payment had been interposed as an affirmative defense by the statement that *various checks and other consideration have fully satisfied the obligation, held,* not an abuse of discretion lodged in trial judge by court rule, and permitted introduction of checks as proof of payments (GCR 1963, 301.3).

4. PAYMENT—AFFIRMATIVE DEFENSE—BURDEN OF PROOF—EVIDENCE.

   Defendant who interposed affirmative defense of payment had the burden of proving such defense by a preponderance of the evidence.

5. APPEAL AND ERROR—NONJURY CASE—CREDIBILITY OF WITNESSES.

   The Supreme Court does not ordinarily substitute its conclusion for that of the trial judge on an issue of fact in a nonjury case as he is the judge of the credibility of the witnesses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3]  53 Am Jur, Trial § 11.
[4]  12 Am Jur 2d, Bills and Notes §§ 1214–1222.
   40 Am Jur, Payment §§ 237–283.
[5, 6, 7]  5 Am Jur 2d, Appeal and Error §§ 839–845.

6. SAME—NONJURY CASES—PREPONDERANCE OF EVIDENCE.
    The Supreme Court examines the record on appeal in a nonjury
        case to ascertain whether the findings are against the pre-
        ponderance of the evidence.

7. BILLS AND NOTES—PAYMENT—NONJURY CASE—FINDING OF COURT
    —PREPONDERANCE OF EVIDENCE.
    Finding for defendant by trial court in action on notes that
        plaintiff had been repaid in part held, not against the prepon-
        derance of the evidence.

Appeal from Oakland; Adams (Clark J.), J. Submitted January 7, 1965. (Calendar No. 21, Docket No. 50,458.) Decided March 1, 1965.

Declaration by Charles Bednarsh against Jack L. Winshall for alleged failure to pay an indebtedness. Judgment for plaintiff for part of claim. Plaintiff appeals. Affirmed.

*Sugar & Schwartz,* for plaintiff.

*Daniel S. Cooper,* for defendant.

O'HARA, J. This is an appeal from judgment on the merits in a case in which we previously set aside a default. See *Bednarsh* v. *Winshall,* 364 Mich 113.

A jury was not demanded and the case was tried to the court. The declaration was on the common counts with a notice that thereunder plaintiff would offer in evidence 2 attached notes payable to him totaling $9,900.

Defendant's answer admits the indebtedness in the following language:

"He *was* indebted to the plaintiff in the sum of nine thousand nine hundred ($9,900) dollars." (Emphasis added.)

There is added the affirmative defense of payment as follows:

"Defendant further alleges that the defendant has made complete payment of the above-mentioned amount and has fully satisfied same. Various checks have been paid to the plaintiff, Charles Bednarsh, over a period of time and entire amount has been satisfied."

The pretrial statement contained the following:

"Defendant admits the loan but affirmatively pleads payment."

Plaintiff, in reliance upon the admission of the defendant that "he was indebted to the plaintiff," rested upon his opening statement, and the court replied:

"This then is the issue whether or not the obligation of $9,900 has been paid and we will proceed on that basis."

Defendant took the stand and began offering in evidence checks on a number of corporations payable variously to plaintiff, to 2 different attorneys, and in at least one instance a check payable to Winshall and indorsed by him and plaintiff. Over strenuous objection, the trial court received them partially on the assertion of the defendant's counsel that he would tie these up in the proofs with reference to payment, and partially on the basis that certain of the checks qualified for admission *per se.* The best evidence rule, invoked by plaintiff, was answered by the claim that original business records of the involved corporations had been sequestered by the internal revenue service and a Federal grand jury which were apparently interested in the pandemic proportions of defendant's corporate affiliations.

As the testimony progressed, plaintiff's counsel continued to stress the deviation from the issues framed by the pleadings. He urged:

"The defense in this case, if the court please—I read now from the answer  *  *  *  'affirmative defense is *various* checks have been paid to the plaintiff  *  *  *  and the entire amount has been satisfied.' It relates itself entirely to checks.  *  *  *

"*The Court:* The court will rule, and I call your attention Mr. Sugar, to the pretrial proposed pretrial statement as filed by Mr. Cooper in which he said 'Various checks *and other consideration* have fully satisfied the obligation.'

"*Now the court did not mention this [other considerations] but simply said in its own dictated pretrial statement that the defendant admits the loan but affirmatively pleads payment. The court feels that to preclude the defendant now from showing other payments would be manifestly unjust* in the light of all of the pleadings as filed in this cause and will permit such proofs, proofs of course to be such testimony as the witness might offer from their own knowledge, their own personal knowledge." (Emphasis supplied.)

Absent the court's carefully worded and factually explained modification of the pretrial summary, plaintiff's objection to deviation from the only pleaded affirmative defense "various checks have been paid to the plaintiff,  *  *  *  over a period of time" and further limited and specified by the summary itself ordering defendant, through his counsel, to "disclose to counsel for plaintiff such checks as he intends to offer as proof of payment  *  *  *  at least 5 days prior to trial," there would have been much force to plaintiff's contention that a judicial admission relied upon and which was specifically confirmed in the pretrial summary was disregarded to his prejudice. However, GCR 1963, 301.3 provides:

"The summary of results controls the subsequent course of the action *unless modified at or before trial to prevent manifest injustice.*" (Emphasis supplied.)

It is this subsection of the rule which the learned trial judge pointedly invoked. He made of record his conclusion that to observe the limitations in the summary would be "manifestly unjust" and then set out with clarity his reason for so concluding. He, in clear effect, assumed the responsibility for limiting the summary in his dictated version more narrowly than it had in fact been agreed to by the parties, or at least by defendant.

The quoted subsection is by its terms addressed to the discretion of the trial judge and there is no suggestion that there was any abuse thereof. Thus holding, we must perforce reject plaintiff's first assignment of error that a judicial admission "which established the issue at pretrial" was disregarded. With its fall, falls also plaintiff's contention that "a new * * * affirmative defense * * * [was] raised * * * at the time of rebuttal." Judge ADAMS' action came at trial in the language of the rule, while the first witness was still testifying, and it broadened the issues upon which most of the subsequent testimony bore.

It is to the preponderance of this testimony in support of the defense of payment by check and "other considerations" that plaintiff's third and last assignment of error is directed. Basically, it is his claim that the defendant failed to prove the defense of payment by a preponderance of the evidence, as was his duty, and that the trial judge made a completely unsubstantiated and evidentiarily unjustified finding that the $9,900 here involved was not in fact a loan, but that the money only "changed hands" at plaintiff's request to avoid its payment to his creditors.

There is little point in detailing the conflicting claims of the parties. Suffice to say that plaintiff unconvincingly squirmed his way through cross examination with specious explanations of his failure

to disclose the alleged indebtedness of defendant to him on his debtor's petition form under chapter 11 of the bankruptcy act. He asserted he omitted it because it was his wife's money. His wife in turn referred to some $40,000 in loans to defendant over the years which she alleged defendant sacredly swore on his mother's name he would repay, and also insisted he would "make them rich."

Defendant no less evasively threaded his way through a labyrinth of alleged repayments to lawyers for plaintiff's account, and payments for legal services and costs for him. The record bespeaks eloquently of a very close friendship between plaintiff and his wife and defendant and his wife over the years, and a bitter termination thereof, in litigation. Other witnesses, former employees and business associates of defendant testified for plaintiff. When the whole record is reviewed, there abides the sagacity of the observation:[1]

"O, what a tangled web we weave,
When first we practise to deceive!"

The trial judge bluntly stated:

"[I am] not paying too much attention frankly to the testimony of the two litigants in this cause because the court attaches very little credibility to their statements."

Thereupon the court passed with care on each alleged exhibit of evidence of repayment and each alleged payment, for services. He computed the amount due upon the original sum which "changed hands." He further awarded no interest because of the relation between the plaintiff and defendant and the fact he believed the money was not actually loaned.

[1] Sir Walter Scott in Marmion, Canto VI, stanza 17.

We would be hard put to substitute our judgment for that of the trial court who heard and saw the witnesses on the issues of fact. Citations in support of this oft-repeated holding are many in number. Illustrative is the statement in *Flat Hots Co., Inc., v. Peschke Packing Co.,* 301 Mich 331, at p 337:

"We are not ordinarily inclined to substitute our conclusion for that of the trier of the facts where the facts are in such dispute that reasonable minds might differ on the result. * * * In law cases tried without jury, the trial court is the judge of the credibility of the witnesses. * * * We examine the record to ascertain whether the findings are against the preponderance of the evidence. * * * In the case at bar, the finding is not against the preponderance of the evidence and it will not be disturbed by this court."

We concur in this statement of the applicable law. Judgment affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.