BERLIN v SNYDER

Docket No. 77-2005. Submitted October 4, 1978, at Detroit.—Decided March 19, 1979. Leave to appeal applied for.

Murray Berlin brought an action against his landlord, Esther Snyder, for damages for injuries he received when he was robbed by unknown assailants in the lobby of the building in which he lived. Defendant's answer alleged contributory negligence and stated that the facts supporting that defense would subsequently be provided. No additional information on this issue was presented at pretrial and no evidence was presented on this issue at trial. The Wayne Circuit Court, Yale L. Kerby, J., refused to give one of plaintiff's requested jury instructions on the defendant's liability for the actions of third persons, instead giving several standard jury instructions, and gave an instruction on contributory negligence. A judgment of no cause of action was entered, and plaintiff appeals. *Held:*

1. The trial court's refusal to give the requested instruction was not error where the standard jury instructions which were given sufficiently apprised the jury that the defendant could be found liable despite the fact that the harm resulted from the wrongful acts of third parties.

2. The defendant, by failing to pursue the affirmative defense of contributory negligence by pleading, motion, pretrial statement or opening statement, waived the defense, and the trial court's instruction on contributory negligence was therefore erroneous.

Reversed and remanded.

1. APPEAL AND ERROR — INSTRUCTIONS TO JURY — THEORIES OF PARTIES.

A jury instruction must be considered in its entirety and if, on

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 893.
[2] 75 Am Jur 2d, Trial §§ 576, 594.
[3, 4] 75 Am Jur 2d, Trial § 610.
[4] 62 Am Jur 2d, Pretrial Conference §§ 37-40.
[5, 6] 57 Am Jur 2d, Negligence § 303.
    61 Am Jur 2d, Pleading §§ 158, 159.

balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury, the Court of Appeals will not find reversible error.

2. TRIAL — INSTRUCTIONS TO JURY — REQUESTS FOR INSTRUCTIONS.

A trial judge is not obliged to give a jury instruction in the manner requested by a party so long as the jury is fully and properly apprised of the applicable law.

3. TRIAL — INSTRUCTIONS TO JURY — STANDARD JURY INSTRUCTIONS.

Standard jury instructions must be given in civil proceedings if they are requested, accurate and applicable.

4. TRIAL — PRETRIAL SUMMARY — MANIFEST INJUSTICE — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

A trial judge has the discretion to modify a pretrial summary at or before trial to prevent manifest injustice; however, mere allegations of manifest injustice do not necessarily operate to allow a defendant to raise an issue of contributory negligence after all the proofs are in.

5. PLEADING — NEGLIGENCE — DEFENSES — CONTRIBUTORY NEGLIGENCE — WAIVER.

A defendant who raises an affirmative defense of contributory negligence in a pleading that promises to furnish a factual basis after discovery is deemed to have waived that affirmative defense if his pretrial statement and the court's pretrial summary are silent as to the defense.

6. NEGLIGENCE — DEFENSES — CONTRIBUTORY NEGLIGENCE — PLEADING — TRIAL — INSTRUCTIONS TO JURY.

An instruction to the jury which apparently informed the jury that, although the defendant offered no factual theory of contributory negligence by pleading, motion, pretrial statement or opening statement, and although the defendant presented no independent proofs on contributory negligence, the jury could infer from the plaintiff's own testimony that he was contributorily negligent was erroneous; an affirmative defense should not be allowed to be reserved to the point where a party has the option of claiming it even after all the proofs are in without complying with the rules of pleading and pretrial procedure; it cannot be assumed that the jury disregarded the court's instructions.

*Karbel, Eiges, Rothstein & Karbel,* for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *James N. Martin*), for defendant.

Before: BRONSON, P.J., and M. J. KELLY and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiff appeals a jury verdict of no cause of action following a six-day trial in which he claimed his landlord was liable for injuries he sustained when he was robbed by unknown assailants in the lobby of the building in which he lived. Specifically, plaintiff alleged that the cause of his injuries was defendant's failure to provide and maintain a rear door that closed and locked properly. Defendant's answer asserted contributory negligence as an affirmative defense, stating that the facts supporting that defense would be subsequently provided. It is conceded by the defendant that she did not offer any evidence on this issue at trial.

In plaintiff's application for jury instructions he requested that the trial judge charge that "[t]he action or inaction of the defendant may be negligent if she realized or should have realized that her action or inaction involved an unreasonable risk of harm to her tenants, even through the criminal conduct of other persons". The trial judge refused to give this instruction and, over objection, gave instead several Standard Jury Instructions concerning negligence. The court also instructed the jury on the defense of contributory negligence, over plaintiff's objection. The trial judge found the general statement of contributory negligence contained in defendant's answer to be sufficient and also found that there was sufficient evidence of contributory negligence at trial to support the giving of the charge.

In asserting that the trial court erred in refusing to give the first requested instruction, plaintiff does not argue that the instruction given by the judge was legally erroneous, but rather, claims that the charge was incomplete in that it did not inform the jury that, according to the rule in Michigan,[1] defendant could be liable in negligence even though the harm suffered by the plaintiff was the result of criminal acts of third parties. Our review of the record does not support this claim of error.

A jury charge must be considered in its entirety and if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury, we will not find reversible error. *Jones v Morgan*, 58 Mich App 455, 465; 228 NW2d 419 (1975), *lv den* 394 Mich 775 (1975). A trial judge is not obliged to give a jury charge in the manner requested so long as the jury is fully and properly apprised of the applicable law. *Coon v Williams*, 4 Mich App 325, 338; 144 NW2d 821 (1966). Standard Jury Instructions must be given in civil proceedings if they are requested, accurate and applicable. GCR 1963, 516.6(2), *Javis v Ypsilanti Board of Education*, 393 Mich 689, 697; 227 NW2d 543 (1975), *Poplawski v Huron Clinton Metropolitan Authority*, 78 Mich App 644, 648;

[1] The question of whether a landlord is under a duty to protect tenants against foreseeable criminal activity of third persons within the area of a multiple dwelling was first addressed in *Johnston v Harris*, 387 Mich 569; 198 NW2d 409 (1972), where the Michigan Supreme Court adopted the view expressed in 2 Restatement Torts, 2d, § 302B, p 88.

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

The *Johnston* case was followed in *Samson v Saginaw Professional Building, Inc*, 393 Mich 393; 224 NW2d 843 (1975). The issue is not without debate. *See* Anno: *Landlord's obligation to protect tenant against criminal activities of third persons*, 43 ALR3d 331.

260 NW2d 890 (1977), *lv den* 402 Mich 882; 262 NW2d 299 (1978).

Using the Standard Jury Instructions requested by defendant, the trial judge instructed the jury that "in connection with this occurrence" defendant was under a duty to use ordinary care for the safety of the plaintiff, and defined ordinary care as that which a reasonable, careful person would use under the circumstances of the case. The court further charged on the definitions of negligence and proximate cause, and also advised the jury of plaintiff's burden of proof. Considering these instructions as a whole against the factual context of the present case, we are persuaded that they sufficiently apprised the jury that defendant could be liable despite the fact that the harm suffered by plaintiff resulted from the wrongful acts of third persons. The instant lawsuit arose out of a criminal attack on the plaintiff in the building in which he lived. His entire case was premised upon an allegation of negligent maintenance of an apartment building door. The jury was well aware of these factors when it received the court's instructions that they could find defendant liable if she did not exercise ordinary care for the safety of the plaintiff.

Plaintiff urges us to consider the requested charge even more exigent in light of defense counsel's affirmations to the jury during voir dire and closing argument that his client could not control crime and therefore should not be held responsible for the acts of third persons. We note, however, that plaintiff's attorney had ample opportunity to object to these statements during trial but did not. We note, also, that he directly addressed the jury on this issue in his closing argument.

We find, therefore, that the court's refusal to

give the requested instruction was not error where the Standard Jury Instructions given by the court did apprise the jury of the substance of the proposed charge.

Plaintiff's second allegation of error regarding the trial court's instruction on the defense of contributory negligence is two-fold: first, defendant's answer did not plead sufficient facts in support of the defense; second, defendant's failure to present evidence of contributory negligence at trial constituted a waiver of the defense.

This case was filed in October, 1974, and in December defendant filed her answer using *pro forma* language to preserve a potential affirmative defense of contributory negligence: "the particulars of which will be spelled out after the completion of discovery." Defendant also appended the following language under her *special and/or affirmative defenses:*

"Further, that the acts of a third person or third persons not parties hereto constituted an efficient intervening cause resulting in the injury complained of, and that none of the acts and/or omissions as alleged in the complaint heretofore filed, all of which have been specifically denied by this defendant, were or could have been in any part a proximate cause of the losses set forth by the plaintiff."

Extensive discovery was undertaken, numerous depositions filed and batteries of interrogatories exchanged before the case was set for a pretrial conference on January 11, 1977, which the pretrial summary indicates actually took place on Tuesday, February 15, 1977. Ostensibly contributory negligence was not perceived by the defendant's counsel to be a viable defense at the time of pretrial. Contributory negligence was never mentioned

from the date of the filing of the original answer on December 30, 1974, until the instructions were taken up at the close of proofs on May 10, 1977. Admittedly, it is a very close question because the trial judge apparently allowed the injection of the issue as being within his discretionary power under GCR 1963, 118.3. The court ruled:

"Now, procedurally the Court would say that in the Complaint, or at least in the answer, rather, or in the affirmative defense, the Court does not recall which, which is really not material, there is a general statement of contributory negligence by Counsel, by Defense Counsel, and he suggests that he is going to elaborate on that. Well, the Court would say from the testimony offered, and the nature of the case, really elaboration was not necessary in this case. It did not bring about any surprise for the Plaintiff and, as a matter of fact, the testimony flowed very naturally from the witnesses as to what happened. Really the Complaint *[sic]* should be amended to conform with the proofs as they were produced by the witnesses and without objection."

Apparently what the trial judge was saying was that although the defendant offered no factual theory of contributory negligence by pleading, motion, pretrial statement or opening statement, and although she presented no independent proofs on contributory negligence, the jury could infer from the plaintiff's own testimony that he was contributorily negligent. Therefore the failure to plead by amendment, motion or otherwise was not critical. We do not agree. The proofs were closed. The posture of the litigated issues from the viewpoint of the jury involved a factual dispute as to whether or not the defendant was negligent and whether or not that negligence, if any, was the proximate cause of plaintiff's damages. These were the issues described in the pretrial summary and,

on the form requesting the outline of defendant's claims and affirmative defenses, no affirmative defense was mentioned.

The trial court founded his ruling under the amended and supplemental pleadings rule, GCR 1963, 118.3.

However, in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 415, the authors' comments describe two different situations and we do not believe that this situation fits in either one. The authors say:

"There may be problems in deciding whether an issue has been tried by implied consent. In many circumstances, the conduct of the parties in presenting evidence, cross-examination, rebuttal and argument will plainly show that they have recognized an unpleaded issue as being in the case. On the other hand, one party may offer evidence which his opponent recognizes as outside the pleadings but for tactical reasons does not object to it because he reasonably believes it to be of no consequence. Should his failure to object be construed as implied consent to trial of the issue if it subsequently develops to be a matter of consequence? If so, he has been deprived of any effective opportunity to defend against an unpleaded issue, but it may be argued this is simply the consequence of his failure to object to evidence on the issue in the first place. If objection had been made, the consequence of the unpleaded issue and whether to permit an amendment to allow it in the case would have been posed for decision under the second facet of this rule."

We perceive this to mean that the authors believe the party requesting the amendment has a hill to climb. The petitioner has to satisfy the court that the objecting party is not being hurt and if the court allows the evidence it should decide whether or not to give additional time to the objecting party to meet the evidence. So the

court's comment that: "Really the Complaint *[sic—should be answer]* should be amended to conform with the proofs as they were produced by the witnesses and without objection", is inapropos. We hold that this issue should have been decided within the framework of the pretrial rule, GCR 1963, 301, and not the amended and supplemental pleadings rule, *supra.* Rule 301 contemplates a narrowing of the issues and mandates a meaningful summary which should control the subsequent proceedings. The authors' comments in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 6, say:

"The primary goals of the pretrial conference are to facilitate the settlement of pending suits and to illuminate and narrow the issues, thereby to shorten trial proceedings."

At 7-8:

"The court's pretrial summary is an important document, which will control the future course of the trial insofar as it contains admissions or limitations of issues to be presented for trial.

\* \* \*

"When the pretrial summary is received by counsel, it is imperative that it be studied closely so that the attention of the court may be called to any discrepancies and, if necessary, objections to the summary may be raised with the pretrial judge immediately."

There is no question but that the trial judge has discretion to modify the pretrial summary at or before trial to prevent manifest injustice. *Bednarsh v Winshall,* 374 Mich 667; 133 NW2d 202 (1965). But it does not follow that the manifest injustice argument operates to allow defendant to

raise an issue of contributory negligence *after all the proofs are in.*

A defendant who raises an affirmative defense of contributory negligence in a "boilerplate" pleading *that promises to furnish a factual basis after discovery* is deemed to have waived any such affirmative defense if his pretrial statement and the court's pretrial summary are silent as to same.

The applicable portions of the defendant's pretrial statements follow:

"1. FACTUAL STATEMENT OF PLAINTIFF'S CLAIMS OR DEFENDANT'S CLAIMS, INCLUDING COUNTER CLAIMS, CROSS CLAIMS AND AFFIRMATIVE DEFENSES. * * * This defendant denies any and all claims of negligence, and avers that the door, the door closer, and the lock all operated properly and did not malfunction.

"This defendant further avers that the acts of third persons, not parties hereto, constituted an efficient, intervening cause resulting in the injury complained of, and none of the acts and/or ommissions *[sic]* as alleged by the plaintiff, all of which have been denied, were or could have been in any part a proximate cause of the accident complained of.

"Defendant avers that unknown assailants attacked the plaintiff, and there is no knowledge or testimony as to how those individuals entered the building or when they entered.

"2. WHAT, BRIEFLY, ARE THE FACTUAL AND LEGAL ISSUES TO BE LITIGATED?

"Liability; damages.

"Proximate cause.

"Intervening, superseding acts of unlawful conduct and criminal actions of third parties."

The applicable portions of the plaintiff's pretrial statement follow:

"1. FACTUAL STATEMENT OF PLAINTIFF'S CLAIMS OR

DEFENDNAT'S CLAIMS, INCLUDING COUNTER CLAIMS, CROSS CLAIMS AND AFFIRMATIVE DEFENSES. * * *

"Defendant owned an apartment building at which plaintiff was a tenant. On January 24, 1974, after entering through the rear door of the apartment building and while walking down a hallway, plaintiff was robbed, beaten and stabbed by intruders who also had been able to enter through the rear door because the defendant was negligent in permitting use of and in failing to repair or replace a defective automatic door closer device and a defective door and lock. As a result of the stab wound, plaintiff went into shock and suffered a stroke and complications therefrom which have left him totally and permanently disabled.

"2. WHAT, BRIEFLY, ARE THE FACTUAL AND LEGAL ISSUES TO BE LITIGATED?

"Negligence of defendant."

Neither party called for amendment to the pleadings. Both parties left blank questions 3, 4, and 5 on the pretrial form which were:

"3. IF PLEADINGS ARE NOT SATISFACTORY AT THIS TIME, WHAT FORMAL AMENDMENTS WILL YOU REQUEST AT PRE-TRIAL?

"4. WHY IS SUCH AMENDMENT NECESSARY?

"5. WHY WAS IT NOT SOUGHT PRIOR TO PRE-TRIAL?"

We consider it significant that defendant did not list contributory negligence as an issue and that defendant contested the fact that the assailants entered the building through the door in question. It is likely that the defense considered it the better part of strategy not to be caught on the horns of a dilemma saying the assailants didn't get in the back door, but if they did it was plaintiff's fault.

Further, we consider it significant that the thrust of defense counsel's opening statement was

to the effect that defendant could not be held responsible for the horrendous crime problem in the area; it was a disease of the times. No mention at all was made of any claim of contributory negligence.

It seems fundamentally unfair to allow an affirmative defense to be reserved to a point where a party has the option of claiming it, not only after investigation, discovery and pretrial, but after all the proofs are in without ever complying with the rules of pleadings and pretrial procedure. We cannot presume the jury disregarded the instruction.

Reversed and remanded for retrial consistent with this opinion.

No costs, neither party having prevailed in full.