HAWKEYE-SECURITY INSURANCE COMPANY v
HARNISCHFEGER CORPORATION

Docket No. 45494. Submitted October 10, 1980, at Grand Rapids.—
Decided December 2, 1980.

Hawkeye-Security Insurance Company and William E. Malcolm
brought an action against Harnischfeger Corporation for dam-
ages incurred by Malcolm resulting from the failure of defen-
dant's crane, allegedly due to design and manufacturing de-
fects. Judgment was entered for plaintiffs, Kent Circuit Court,
George R. Cook, J. Defendant appeals, alleging that the trial
court erred in denying its motion for a directed verdict, in
instructing the jury as requested by plaintiffs in addition to
standard jury instructions, and in declining to instruct the jury
in the form requested by defendant. *Held:*

1. Plaintiffs' burden of proof was satisfied upon presentation
of evidence from which the jury could reasonably infer that
some defect attributable to defendant caused the accident. The
trial court properly denied defendant's motion for a directed
verdict.

2. The trial judge properly exercised his discretion in addi-
tionally instructing the jury. The instructions were neither
argumentative nor slanted in plaintiffs' favor.

3. The instructions given to the jury adequately and fairly
presented the theories of the parties and applicable law. The
trial court was not required to instruct the jury as to each
requested charge in the form in which it was requested.

Affirmed.

1. PRODUCTS LIABILITY — DESIGN DEFECT — BURDEN OF PROOF.

A plaintiff's burden of proof in a design-defect products liability
action where the design defect causes a machine to fail is
satisfied where he presents direct or circumstantial evidence

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability §§ 73, 129 *et seq.*
Strict liability in tort. 13 ALR3d 1057.
[2, 4] 5 Am Jur 2d, Appeal and Error § 892.
75 Am Jur 2d, Trial § 604.
[3] 75 Am Jur 2d, Trial § 693.

from which a jury could reasonably infer that some defect attributable to a manufacturer caused the machine to fail, resulting in an accident.

2. APPEAL — JURY INSTRUCTIONS — PRESUMPTION OF ERROR.

Prejudicial error will be presumed on appeal where a trial court omits or deviates from a properly requested, applicable and accurate standard jury instruction.

3. TRIAL — STANDARD JURY INSTRUCTIONS — SUPPLEMENTAL JURY INSTRUCTIONS — COURT RULES.

A trial court may give jury instructions on applicable law in addition to standard jury instructions which shall be modeled as nearly as practicable after the style of the standard jury instructions (GCR 1963, 516.6[4]).

4. TRIAL — JURY INSTRUCTIONS — FORM OF INSTRUCTION.

A trial court is not required to give each requested jury instruction in the form in which it is requested where the theories of the parties and the applicable law are otherwise adequately and fairly presented to the jury.

*Linsey, Strain & Worsfold, P.C.* (by *Larry D. VanderWal),* for Hawkeye-Security Insurance Company.

*Hillman, Baxter & Hammond* (by *Michael D. Wade),* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant, Harnischfeger Corporation, appeals from a judgment entered pursuant to jury verdict in favor of plaintiff Hawkeye-Security Insurance Company for $48,344 and in favor of plaintiff William E. Malcolm for $25,228.60.

The facts relevant to the issues raised in this appeal are these. Plaintiff Malcolm purchased a T-200 crane manufactured by defendant Harnischfeger. Plaintiff Hawkeye-Security Insurance Company issued a policy of insurance indemnifying

Malcolm for any loss he might suffer as the result of damage to the crane. Approximately 2-1/2 weeks after taking delivery of the crane, Malcolm was using it to lift a large block of concrete when one of the crane's outriggers collapsed and the crane tipped over, causing the damage for which recovery was sought and obtained in this lawsuit. At trial, plaintiffs' proofs included evidence that the damages resulted from both a design defect and a manufacturing defect in the building of the crane. Plaintiffs' expert, Joseph Ryan, testified that, in his opinion, the crane collapsed because of the failure of a bolt in the assembly which joined the outrigger to the frame of the crane.

Ryan had two theories regarding the cause of the failure of the bolt to perform its function. The first involved a design defect. According to that theory the bolt was of insufficient length and deficient as to type of steel and threading. The second theory involved a manufacturing defect. In Ryan's opinion, the bolt was overtightened during assembly, causing damage to its threads. Ryan further stated that if the one-half inch bolt had been a three-quarter inch bolt or a one-inch bolt it would not have been overtorqued and the outrigger would not have collapsed.

Relying on *Owens v Allis-Chalmers Corp*, 83 Mich App 74, 81; 268 NW2d 291 (1978), defendant argues that the trial court erred in not granting its motion for a partial directed verdict on plaintiffs' design-defect theory of recovery. In *Owens*, a panel of this Court ruled that in design-defect products liability cases the plaintiff is required to present evidence:

"That the particular design was not in conformity with industry design standards, design guidelines established by an authoritative voluntary association, or

design criteria set by legislative or other governmental regulation * * *."

This argument is unpersuasive for the reason that the case before us is materially distinguishable on its facts from *Owens.*

In *Owens* a forklift overturned, killing its driver. There was no allegation, however, that the forklift itself malfunctioned or that any part of it failed, causing the injuries to the plaintiff. The allegation was that had the forklift been properly designed it would have been equipped with seat belts or some other driver restraint system and that this would have prevented the injury suffered by the driver when the forklift overturned. In this case, the alleged design defect was the use of a one-half inch bolt in the assembly which joined the outrigger to the frame of the crane instead of a three-quarter inch bolt or a one-inch bolt. The evidence indicated that the bolt failed, causing the outrigger to collapse.

It may be that the *Owens* evidentiary rule is applicable in a case in which a party is injured in the normal use of a machine where there is no malfunction of the machine or failure of one of its parts and where the theory of recovery is that had the machine been designed differently no injury would have occurred. In cases like this, however, where the design defect causes the machine itself to fail, a plaintiff's burden of proof is satisfied where evidence, either direct or circumstantial, is presented from which the jury could reasonably infer that some defect attributable to the manufacturer caused the accident. *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614; 271 NW2d 777 (1978). See, *Chaney v Whiting Corp,* 100 Mich App 108; 298 NW2d 681 (1980). We find such

evidence in this case. The trial court did not err in denying defendant's motion for directed verdict.

The defendant also claims that it was error for the trial judge to give certain jury instructions requested by the plaintiffs in addition to the instructions given verbatim from the Michigan Standard Jury Instructions. The additional instructions emphasized the plaintiffs' theory that the defendant's negligence or breach of warranty arose out of the manner in which it engineered, designed, or manufactured the crane.

In *Javis v Ypsilanti Board of Education,* 393 Mich 689, 702; 227 NW2d 543 (1975), the Supreme Court, in interpreting GCR 1963, 516.6, stated:

"Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously omitted SJI was properly requested at trial * * *."

In the present case, the defendant does not claim that the judge failed to give appropriate instructions from SJI. The defendant's claim of error attacks the instructions which were given in addition to the SJI. GCR 1963, 516.6(4) provides:

"(4) This subrule does not limit the power of the courts to give additional instructions on applicable law not covered by SJI. Additional instructions when given shall be modeled as nearly as practicable after the style of SJI, making them concise, understandable, conversational, unslanted and non-argumentative."

A trial judge has discretion regarding whether or not to give specific additional instructions requested by a party. *Signs v The Detroit Edison Co,* 93 Mich App 626; 287 NW2d 292 (1979). The

instructions in question here appear to be a statement of the issues to be determined by the jury as authorized by SJI 25.22. We do not find the instructions to be argumentative or slanted. In our judgment, the rule promulgated by the Supreme Court in *Javis, supra,* does not require reversal here.

We have also considered defendant's claim that the trial court committed reversible error in declining to give certain jury instructions requested by the defendant. We have reviewed the charge to the jury in its entirety and find that the theories of the parties and the applicable law were adequately and fairly presented to the jury. When this is accomplished, a trial judge is not required to give each requested charge in the form in which it is requested. *Berline v Snyder,* 89 Mich App 38, 41; 279 NW2d 322 (1979).

Finally, we have considered defendant's remaining claims of error and find them to be without merit.

Affirmed. Costs to appellees.