825 F.2d 412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SWASEY & COMPANY, an Ohio corporation, Plaintiff-Appellant,
v.
Alfio BORTOLOTTI, individually and d/b/a Pretest Precast
Aggregate Panels and Pretest, Inc., a South
Carolina corporation, Defendants-Appellees.
 No. 86-1329
 United States Court of Appeals, Sixth Circuit.
 July 30, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves a contract dispute between Swasey & Company ('Swasey') and William Bortolotti & Sons Pretest Co., Inc., a Michigan corporation ('Michigan Pretest'). Swasey operated as a sales agent for Michigan Pretest, obtaining contracts for the use of Precast panels.[1] A contract was made for the Southerly Sewage Treatment Plant No. 15 ('Southerly 15') between Michigan Pretest and the Horvitz Company, a major Ohio project, and Swasey claims that it never was paid its commission for obtaining this project for Michigan Pretest. During the time of the contract period, Pretest, Inc. was incorporated in South Carolina with some similarity of officers, directors and stockholders as the Michigan Pretest Company. Michigan Pretest is now inactive.
 
 
 2
 The district court held that Pretest, Inc. of South Carolina had acknowledged Swasey as its sales representative and assumed the obligation to pay the commission from the Southerly 15 project. The court did not order payment of the claimed commission, however, because it found that plaintiff had not refuted Bortolotti's testimony at trial that payment was made when the accounts were allegedly balanced between the companies. There was no prior notice of any claim by defendants of payment or its equivalent. The court found that plaintiff had failed to prove that it had not been paid, and entered judgment for defendants.
 
 
 3
 The record includes testimony of William Swasey, president of Swasey & Co., that he attempted to obtain payment; a letter dated May 18, 1981 from Swasey requesting help from the general contractor to obtain payment; and Bortolotti's testimony and letter to Horvitz Corporation to the effect that Swasey would not be paid until the project was finished. Bortolotti testified in response to a question from the court that the parties had agreed to an 'even wash' of accounts. There was no documentation of any kind or other support for this testimony.
 
 
 4
 Under Fed.R.Civ.P. 8(c) 'accord and satisfaction' and 'payment' are affirmative defenses which must be set forth in the pleadings in order to prevent unfair surprise. An affirmative defense, even when not pleaded, however, may be raised by the express or implied consent.
 
 
 5
 The defenses of accord and satisfaction and of payment, were not mentioned in defendants' answers, pretrial status report, opening statement or proposed findings of fact or conclusions of law. The only indication of such defense was Bortolotti's testimony at trial when he stated that the Michigan Pretest and Swasey Companies had balanced their accounts and agreed to an 'even wash'. Plaintiff's counsel did not object to this testimony.
 
 
 6
 Even if we were to hold under these circumstances an implied consent to the introduction of this testimony absent a notice or pleading, Michigan law is clear that defendnats were required to prove these affirmative defenses by a preponderance of the evidence. See Bednarsh v. Winshall, 374 Mich. 667, 133 N.W.2d 202, 204-05 (1965); Redding v. Snyder, 352 Mich. 241, 89 N.W.2d 471, 475 (1958). We therefore find that the district court's holding that 'plaintiff failed to prove that he had not been paid, and so cannot recover' is a clearly erroneous legal conclusion, because it erroneously placed the burden of proof on the issue of payment upon the plaintiff.
 
 
 7
 We must REVERSE and REMAND the case for a new trial in accordance with this opinion. We express no opinion on the question whether or not Pretest, Inc. has successor liability for the contract entered into by Michigan Pretest, or concerning the personal liability of Bortolotti, as these questions need resolution in the first instance by the trier of fact.
 
 
 
 [1]
 Precast panels are prefabricated wall panels used as exterior building panels in various construction projects