GIBSON *v.* TRAVER.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—VERDICT —GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff was not against the great weight of the evidence in action for personal injuries and damage to car in collision after he had left gasoline station on west side of a north-and-south, 4-lane, through highway, where although both cars were east of center line of through highway after impact, testimony was in conflict as to whether southbound defendant was east of center line and whether plaintiff exercised due caution.

2. TRIAL—AUTOMOBILE ACCIDENT CASE—POLICEMAN AS WITNESS— TRAFFIC TICKET—INSTRUCTIONS.

No reversible error was committed by police chief in twice testifying at trial of automobile accident case that he was going to give the defendant a ticket for violation of the traffic law, where the trial judge ordered the statements stricken and in his charge cautioned the jury to pay no attention to them.

3. AUTOMOBILES—SPEED—WRONG SIDE OF ROAD.

Plaintiff motorist, while crossing a 4-lane through highway, is not bound to anticipate that defendant motorist thereon would suddenly and at an unlawful speed drive in an improper lane.

4. SAME—CONTRIBUTORY NEGLIGENCE—DUTY TO OBSERVE—EVIDENCE.

Whether or not plaintiff motorist was guilty of contributory negligence in that he failed to maintain a proper lookout for oncoming traffic while crossing 4-lane through highway was

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, § 287 *et seq.;* § 431.
[2] 3 Am Jur, Appeal and Error, § 1041.
[3] 5 Am Jur, Automobiles, § 169.
[4] 5 Am Jur, Automobiles, § 715.
[5, 6] 20 Am Jur, Evidence, § 256; 58 Am Jur, Witnesses, § 113.
[8, 9] 5 Am Jur, Automobiles, § 729 *et seq.;* 53 Am Jur, Trial, § 573 *et seq.*

properly left to jury, where it might reasonably have inferred that defendant's car might not have been seen by plaintiff because of intervening traffic.

5. EVIDENCE—LAY WITNESS.
A lay witness has a right to testify to something he knows and that does not require expert testimony to establish.

6. SAME—BROKEN COLLARBONE—LAY WITNESS.
Testimony of plaintiff that his collarbone was broken in automobile accident was properly received notwithstanding he did not produce the doctor who attended him, since such matter was within plaintiff's knowledge and did not require expert testimony to establish.

7. DAMAGES—BROKEN COLLARBONE—LOSS OF EARNINGS—ARM INJURY.
Verdict of $1,000 for plaintiff is not disturbed, where testimony shows his collarbone was broken and car was damaged in collision at intersection, and that he was unable to work for 9 weeks and had not regained full use of arm at time of trial.

8. AUTOMOBILES—WRONG SIDE OF ROAD—EMERGENCY—INSTRUCTIONS.
Failure to instruct jury that defendants would be excused from liability if their car had been driven on wrong side of road because of an emergency was proper, where testimony does not indicate an emergency existed except such as might have arisen through the negligence of defendants.

9. SAME—INSTRUCTIONS—CROSSING CENTER LINE OF ROAD—WRONG SIDE OF ROAD.
Portions of charge to jury that State statute prohibits crossing of the yellow line in center of a 4-lane highway and that traveling on wrong side of the line is negligence, which might be misleading while standing alone, *held*, not to have misled jury when considered with the entire charge and the supplemental charge and testimony in support of plaintiff's claims (CL 1948, § 256.311).

Appeal from Macomb; Spier (James E.), J. Submitted October 4, 1950. (Docket No. 31, Calendar No. 44,780.) Decided December 5, 1950.

Case by Charles Gibson against Jay E. Traver and another for injuries sustained in automobile

accident. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*David E. McLaughlin* and *Frank J. Starkey,* for plaintiff.

*William J. Eggenberger,* for defendants.

Butzel, J. Plaintiff, Charles Gibson, brought suit to recover for personal injuries and damages to his car, which he was driving when it was struck by a car driven by Jay E. Traver, whom we shall refer to as the defendant, and who was the joint owner of the car with Dorothy Traver, a codefendant. The accident occurred on May 25, 1947, on a clear day while visibility was good, on highway US–23 just inside the city limits of Pinconning, Michigan. US–23 is a 4-lane highway running north and south, and the speed limit where the collision occurred is 35 miles per hour. The highway is bisected by a yellow line, the lanes immediately adjoining it being respectively referred to as the east and west center lanes.

The plaintiff approached the highway from a parking space near a gas station on the west side of the highway. He testified that he stopped his car at the edge of the highway, looked in each direction, and waited for the traffic from the south to pass. After this traffic had passed, the only car in sight was a car about 300 feet to the north, coming toward plaintiff. This was not the defendants' car but a car not involved in the accident. Plaintiff further testified that he drove across the highway, and that his car was entirely east of the center line when it was struck by the defendants' car coming from the north. Plaintiff did not see the defendants' car until it was too late to avoid the accident.

Defendant, on the other hand, denies that he was in the east center lane, but maintains that he was in

the west center lane, and that the accident occurred solely because of the plaintiff's failure to look for oncoming traffic or failure to see what was plainly discernible. Both parties agree that neither car moved from the point of impact.

Possibly one of the factors that influenced the jury was the testimony of the chief of police of Pinconning, who at the time of the accident was deputy sheriff of Bay county. He arrived at the scene of the accident very shortly after the collision, and testified that both cars were east of the center line, and that the defendants' car had left 90 feet of skid marks, on dry pavement, back from the point of the collision, these skid marks being entirely in the east center lane.

Another witness testified that his attention was called to the accident by the screeching of the defendants' brakes. He corroborated plaintiff's testimony, but was then impeached by a written statement he had signed to the effect that the plaintiff's car was almost over the yellow line when it was struck. The witness claimed that the statement was prepared by someone else, and that he had hesitated before signing it, but admitted that the signed statement was correct and that the plaintiff was not completely over the yellow line at the time of the collision. He also testified that the defendants' car was only 3 feet over the yellow line.

The testimony is conflicting. There was a question of fact for the jury, both as to defendants' negligence and plaintiff's contributory negligence. We cannot say that the verdict was against the great weight of the evidence.

Error is claimed because the police chief twice stated in his testimony that he was going to give the defendant a ticket for violation of the traffic law. The judge ordered the statements stricken, and in his charge cautioned the jury to pay no attention to

them. There was no reversible error under the circumstances.

It is further claimed by the defendant that plaintiff was guilty of contributory negligence as a matter of law in crossing the highway without maintaining a proper lookout for oncoming traffic. The jury might reasonably infer that defendants' car was not seen by plaintiff because it was back of the car that plaintiff did see, or that it came on so quickly that plaintiff could not see it until it was too late. The plaintiff had no duty to anticipate that the defendant would suddenly and at an unlawful speed drive in an improper lane. *Sanderson* v. *Barkman,* 264 Mich 152; *Leete* v. *Gould,* 308 Mich 345.

The plaintiff testified that his collarbone was broken but did not produce the doctor who had attended him. It is claimed that the judge should have ruled out this testimony. Plaintiff had a right to testify to something he knew, and that did not require expert testimony to establish. Plaintiff also testified that he was unable to work for 9 weeks, and that he had not regained full use of his arm at the time of the trial. The jury rendered a verdict for $1,000.

Defendants further claim that the judge should have instructed the jury that if the defendants' car was driven on the wrong side of the road because of an emergency, defendants would be excused from liability. Testimony does not indicate that any such emergency existed except, possibly, such as might have arisen through the negligence of the defendants.

Further error is claimed in that the court instructed the jury that a State statute* prohibits the crossing of the yellow line in a 4-lane highway, and that traveling on the wrong side of the line is negligence.

---

* See CL 1948, § 256.311 (Stat Ann 1947 Cum Supp § 9.1571).— Reporter.

Standing alone this might be misleading, but when considered with the entire charge, and the supplemental charge, together with the testimony supporting plaintiff's claims, it could not have misled the jury.

Judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.