HUNT *v*. DEMING.

1. AUTOMOBILES—REAR-END COLLISION—ASSURED CLEAR DISTANCE—
   EVIDENCE.

   Evidence presented in action arising out of collision with rear
   end of plaintiffs' car by defendant who had followed them
   for several miles and collided after the cars had proceeded
   over a hill and plaintiffs' car had stopped because a disabled
   vehicle had been pushed into their lane from a driveway
   *held,* to justify trial court in refusing to find defendant guilty
   as a matter of law and to support jury's finding for defendant
   that he was not operating his car in an imprudent fashion
   under the circumstances, and that his response to the sudden
   emergency was reasonable, excusing compliance with the
   assured clear distance statute (CLS 1961, § 257.627).

2. APPEAL AND ERROR—INSTRUCTIONS—OBJECTIONS.

   Claimed errors in charge to jury are not considered on appeal,
   where there was a failure to make timely objection to the
   instructions as required by court rule (GCR 1963, 516.2).

3. SAME—REQUESTS TO CHARGE—INSTRUCTIONS—OBJECTIONS—SAV-
   ING QUESTION FOR REVIEW.

   Compliance with provisions of court rules relative to submission
   of requests to charge and making objections to instructions
   trial judge proposes to give prior to counsel's arguments to
   the jury affords the proper means of protecting the rights
   of all parties and saves objections to instructions for review
   (GCR 1963, 516.1, 516.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 773 *et seq.*
Driver's failure to maintain proper distance from motor vehicle
ahead.  85 ALR2d 613.

[2, 3] 5 Am Jur 2d, Appeal and Error § 891.

[4] 5 Am Jur 2d, Appeal and Error § 623.

4. Same — Instructions — Objection — Discretion of Supreme
Court.

The discretion of the Supreme Court, to take note of instructions
which err with respect to basic and controlling issues in a case
even though no objection was made before jury retired and
while correction could be made, will be sparingly exercised
(GCR 1963, 516.1, 516.2).

Appeal from Mecosta; Van Domelen (Harold), J.
Submitted February 3, 1965. (Calendar Nos. 37, 38;
Docket Nos. 50,462, 50,463.) Decided May 11, 1965.

Case by A. I. Hunt against Jon Robert Deming
and H. S. Deming, continued as to the latter in the
name of Cadillac State Bank, executor of his estate,
for damages arising from rear-end automobile col-
lision November 27, 1960. Similar action by Mabel
I. Hunt for personal injuries. Cases consolidated
for trial and on appeal. Verdicts and judgments for
defendants. Plaintiffs appeal. Affirmed.

*Eric E. Humpsch* (*Seth R. Burwell,* of counsel),
for plaintiffs.

*Charles H. Menmuir* and *Nuel N. Donley,* for de-
fendants.

Souris, J. This appeal arises out of an automo-
bile accident which occurred on a rainy November
evening in 1960 in Mecosta county. Plaintiffs, Mr.
and Mrs. Hunt, were proceeding easterly on highway
M–20 in an automobile driven by Mr. Hunt. As they
drove along, a stalled automobile was pushed onto
the eastbound lane of the highway ahead of the
Hunts from a driveway intersecting the highway on
the south. To avoid a collision the Hunt vehicle
came to a stop on the paved portion of the highway,
and while so stopped was struck from the rear by
an automobile driven by defendant Jon Deming.

Plaintiffs, claiming damages, brought suits which were consolidated for trial. A jury returned a verdict of no cause for action. Plaintiffs appeal from the trial judge's denial of their subsequent motion for judgment notwithstanding the verdict or for new trial.

Plaintiffs first argue that defendant Deming was guilty of negligence as a matter of law in failing to operate his vehicle so as to be able to stop within the assured clear distance ahead, CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327). The disabled car was pushed into the Hunts' path, just as they had topped a rise in the highway and were heading down a curve bearing to the right. Defendant Deming testified that he had been following the Hunt car for several miles but that he had lost sight of it after it had topped the rise and did not see it again until his own car came over the rise, at which time the Hunt vehicle appeared to be moving less rapidly, whereupon Deming slowed his speed from 45 to 40 miles per hour. At this time he was about 500 feet from the Hunt car and he testified that he did not become aware that it was stopped until he was 150 feet from it, whereupon he applied his brakes but nonetheless collided with the Hunt car. Deming further testified that before the collision he never saw the disabled vehicle. He claimed that the sudden emergency created by the presence of the disabled vehicle on the highway, necessitating the stoppage of the Hunt vehicle, accounted for his own failure to stop sooner.

We think this evidence, if believed, would entitle a jury to find that Deming was not operating his vehicle in an imprudent fashion under the circumstances, and that defendant's response to the sudden emergency confronting him was reasonable, thereby excusing compliance with the requirements of the

assured clear distance ahead statute. This being so, the trial court did not err in refusing to find Deming guilty of negligence as a matter of law. See *Dismukes* v. *Michigan Express, Inc.* (1962), 368 Mich 197, and cases cited therein. See, also, *McKinney* v. *Anderson* (1964), 373 Mich 414, and *Baker* v. *Alt* (1965), 374 Mich 492, 496, 497.

Plaintiffs also allege that the trial judge committed numerous errors in his charge to the jury. We shall not detail these allegations because we do not think they are properly before us on this appeal, plaintiffs having failed to make timely objection to the instructions as required by GCR 1963, 516.2:

".2 Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Counsel may submit requests for instructions to the trial judge at or before the close of evidence and the trial judge is required to inform counsel of his action upon their requests prior to their arguments to the jury. GCR 1963, 516.1. Thus, by submitting comprehensive written requests to charge, upon which the trial judge must rule before arguments are made to the jury, counsel should be in a position to know when the charge is given whether a proper instruction was omitted or an improper one given. At the conclusion of the charge, the trial judge should excuse the jury and *then* give counsel an opportunity to make on the record such objections to the charge as they may have. GCR 1963, 516.2. When counsel have completed their statements of objections, the jury should be recalled for further instruction when necessary and for direction by the

trial judge to retire for deliberation upon its verdict. Only if such procedure is followed by court and counsel can the rights of all parties properly be protected and objections to erroneous jury instructions assuredly be saved for appellate review.

Plaintiffs point to language in prior cases, for example, *Jorgensen* v. *Howland* (1949), 325 Mich 440, in support of their claimed right to assert on appeal error in jury instruction notwithstanding their failure timely to object in the trial court. It suffices to note that those cases were decided before the explicit requirement of GCR 1963, 516.2 was promulgated.

This is not to say that this Court may not, in unusual circumstances, and to prevent manifest injustice, take note of instructions which err with respect to basic and controlling issues in a case even though objection thereto was not made before the jury retired. See 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed 1963), p 567. It is to say, however, that the Court will exercise its discretion in this fashion but sparingly. To do otherwise would be to encourage counsel to maintain silence in the face of correctable erroneous instructions, hoarding their objections for use in the event of an unfavorable jury verdict. The course of expeditious justice is furthered by requiring that such objections be made while time yet remains to set the record straight.

Affirmed. Costs to appellees.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.