1. APPEAL AND ERROR—INSTRUCTIONS—QUESTIONS REVIEWABLE—OB-
JECTIONS NOT RAISED AT TRIAL.
Alleged error in the trial court's instructions to the jury will
not be considered by the Court of Appeals where timely ob-
jection was not made at trial (GCR 1963, 516.2).

2. AUTOMOBILES — REAR-END COLLISION — EVIDENCE — QUESTION FOR
JURY.
Action for injuries arising from a rear-end automobile collision
where testimony as to the size of a snowbank in plaintiff's
lane is conflicting, held, to present a question of fact to be
presented to the jury for determination.

Appeal from Oakland, Farrell E. Roberts, J. Sub-
mitted Division 2 March 4, 1969, at Lansing. (Dock-
et No. 5,393.) Decided August 25, 1969.

Complaint by Evlyn Baum and Carl Baum against
Chester S. Bilicki for injuries sustained in an auto-
mobile accident. Verdict and judgment for defend-
ant. Plaintiff appeals. Affirmed.

*Paul G. Valentino,* for plaintiffs.

*Arthur W. Mitchell,* for defendant.

Before: GILLIS, P. J., and LEVIN and BRONSON, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1012 *et seq.*

PER CURIAM. This action arises from a rear-end collision on an ice- and snow-covered two-lane road early in the morning of November 29, 1966. Plaintiff alleges that she was proceeding into the second turn of an "S" curve when she discovered that a snowbank covered her lane of travel. She thereupon slowed to a stop. Defendant was travelling behind plaintiff. When he saw her coming to a stop, he attempted to pass her on the left. An oncoming truck prevented defendant from passing plaintiff and when he attempted to swerve to the opposite side he skidded into the rear of plaintiff's car. From a jury verdict of no cause of action and a denial of plaintiff's motion for a judgment *non obstante veredicto* or, in the alternative, for a new trial, plaintiffs appeal.

Plaintiff contends that the trial court erred in its charge to the jury with respect to the "sudden emergency" doctrine and plaintiff's contributory negligence. See *Socony Vacuum Oil Co.* v. *Marvin* (1946), 313 Mich 528. These allegations are not properly before us on appeal, plaintiff having failed to make timely objection to the instructions as required by GCR 1963, 516.2.

There was conflicting testimony at trial regarding the size of the snowbank in plaintiff's lane of travel and whether or not it was passable. Defendant testified that he did not see the snowbank because of the curve and that, when confronted with plaintiff's unexpected stop, road conditions prevented him from stopping in time. This was a question of fact properly presented to the jury for its determination. See *Hunt* v. *Deming* (1965), 375 Mich 581.

Affirmed. Costs to appellee.