## LEAVESLY v CITY OF DETROIT

Docket No. 78-5318. Submitted December 12, 1979, at Detroit.—Decided March 5, 1980. Leave to appeal applied for.

William Leavesly fell from a Detroit city bus. He brought a negligence action against the City of Detroit Department of Street Railways. A jury returned a verdict of $175,000 for plaintiff. Judgment on the verdict was entered by Wayne Circuit Court, Ricardo J. Lubienski, J. Defendant appeals. On appeal, defendant alleges that the trial court committed reversible error in allowing plaintiff to testify over objection that he suffered a fractured rib and a fractured vertebra in his fall. *Held:*

A lay witness has a right to testify to something he knows and that does not require expert testimony to establish. A fractured vertebra is an injury that is out of the course of general information and experience and involves medical knowledge beyond that of ordinary unprofessional persons. Plaintiff's uncorroborated testimony that he had a fractured vertebra went beyond his experience and qualifications.

Reversed and remanded.

1. Witnesses — Evidence — Lay Witnesses — Qualifications — Expert Witnesses.

A lay witness has a right to testify to something he knows and that does not require expert testimony to establish.

2. Witnesses — Evidence — Lay Witnesses — Scope of Testimony — Expert Witnesses — Medical Knowledge.

A lay witness cannot testify as to whether or not a person has suffered a fractured vertebra because this type of injury is something that is out of the course of general information and experience and involves medical knowledge beyond that of ordinary unprofessional persons.

Reference for Points in Headnotes
[1, 2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 14, 15, 24, 25.

*Levin & Ungar,* for plaintiff.

*George G. Matish,* Acting Corporation Counsel, and *William Dietrich* and *Marion R. Jenkins,* Assistants Corporation Counsel, for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

PER CURIAM. Defendant City of Detroit appeals by right from a jury award of $175,000 in a negligence action instituted by plaintiff after his fall from a city bus.

Defendant claims that the trial court committed reversible error in allowing plaintiff to testify that he suffered a fractured rib and a fractured vertebra in his fall. Counsel for defendant moved *in limine* to disallow the introduction of any such evidence. The trial court denied the motion after defense counsel was unable to present authority contrary to plaintiff's reliance upon *Gibson v Traver,* 328 Mich 698; 44 NW2d 834 (1950).

Plaintiff's case consisted solely of the testimony of plaintiff. Counsel for plaintiff asked plaintiff what was wrong with his ribs as a result of the fall. Defense counsel objected that the question was beyond the competency of the plaintiff to answer because he was not a doctor. The trial judge responded, "Let's hear the answer", and plaintiff stated, "I fractured the rib". Defense counsel renewed his objection. Plaintiff's counsel then inquired about plaintiff's back and plaintiff replied, "I fractured a vertebra". Defense counsel's repeated objection was overruled again on the basis of *Gibson, supra,* but defense counsel insisted that that case should not apply inasmuch as plaintiff's alleged fractures were not the type that one

---

* Circuit judge, sitting on the Court of Appeals by assignment.

could observe. Continuing with the direct examination, plaintiff was asked to demonstrate where, in his back, the vertebra was fractured, and plaintiff stated, "I would say about the third vertebra up from the bottom". Objection was raised once again on the previous stated grounds.

In *Gibson, supra,* 702, with regard to a plaintiff's uncorroborated testimony that he had broken his collarbone, our Supreme Court stated that, "Plaintiff had a right to testify to something he knew, and that did not require expert testimony to establish". That same ruling was pronounced 75 years earlier in a more elaborate fashion as follows:

"We think there is no rule which can prevent ordinary witnesses from describing what they see, or from testifying concerning the kind of injury or sickness of others whom they have had occasion to consort with, unless it is something out of the common course of general information and experience, or unless the question presented involves medical knowledge beyond that of ordinary unprofessional persons." *Elliott v Van Buren,* 33 Mich 49, 54-55; 20 Am Rep 668 (1875).

We believe that plaintiff's alleged injuries in the present case fall outside of the confines of this rule. Whether or not one has suffered a fractured vertebra is certainly a question which involves medical knowledge beyond that of ordinary unprofessional persons. MRE 601. This conclusion is especially warranted here in light of the fact that there was absolutely no other evidence, expert or not, beyond that assertion by plaintiff to substantiate his claimed injuries. The impropriety of the trial court's ruling is further buttressed by its later contrary ruling on a similar question. Plain-

tiff was asked by his counsel whether or not his back had subsequently healed and plaintiff declared that it was not healed at any time because it was a fractured vertebra. This time, the court sustained defense counsel's objection that the witness was incompetent to so testify on grounds that it constituted a conclusion. Ironically, when defense counsel queried plaintiff if he knew whether or not he had arthritis, counsel for plaintiff objected that, "That's something if a person knows he only knows if the doctor tells him". One final consideration in our decision is that when the plaintiff was earlier deposed he was asked what was the problem with his back just after the accident. He testified that, "The problem was with the disc in my spine". Plaintiff made no claim of a fractured vertebra during that deposition, which serves only to increase the possibility that plaintiff did not know whether or not he had a fractured vertebra.

To the extent that *Gibson, supra,* provides authority for a lay witness to testify concerning his broken bones, and we ask the Supreme Court to reconsider its validity, we distinguish it from the present case because we find that a broken collarbone may well be subject to a layman's observation whereas a fractured vertebra in all likelihood would not. See *Evans v The People,* 12 Mich 27, 33-36 (1863). Furthermore, the circumstances surrounding the alleged fracture in *Gibson, supra,* were not disclosed, and for all we know, if proof of that fracture did not require expert testimony, it may have been because it was a compound fracture that was readily obvious to the untrained eye.

For these reasons, we find the admission of this evidence to be error and reverse and remand for a new trial. Costs to defendant.