HOWARD v FELD

Docket No. 44212. Submitted June 10, 1980, at Detroit.—Decided September 16, 1980.

Anthony Howard brought an action against Robert Feld and Emmett Latimer, alleging that the defendants, while acting in their capacity as police officers, committed an assault and battery upon him and negligently failed to provide for his safety. The Wayne Circuit Court, Roland L. Olzark, J., directed a verdict in favor of defendant Latimer and the jury returned a verdict of no cause of action in favor of defendant Feld. Plaintiff appeals, alleging *inter alia* that the trial court erred in not permitting him to testify regarding his medical expenses and that the trial court committed various instructional errors. *Held:*

1. The plaintiff claimed that the alleged assault exacerbated a prior hip injury, necessitating surgery. The plaintiff was not qualified to testify regarding the effect of the assault on the prior injury, and was properly precluded from testifying.

2. The plaintiff failed to object to the trial court's failure to instruct the jury on the definition and the element of assault and battery, or to request such an instruction. However, because the gravamen of the plaintiff's action was assault and battery, the lack of a jury instruction regarding what constitutes assault and battery negated the possibility of a verdict in favor of the plaintiff. This was error so manifestly unjust as to require reversal.

3. The trial court erred in refusing to give a requested instruction on exemplary damages.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence §§ 14, 15.
81 Am Jur 2d, Witnesses § 69.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[3] 75 Am Jur 2d, Trial §§ 576 *et seq.,* 589.
[4] 6 Am Jur 2d, Assault and Battery §§ 37, 50.
75 Am Jur 2d, Trial § 576 *et seq.*

1. WITNESSES — LAY WITNESSES — EXPERT WITNESSES.

A lay witness generally may testify to something he knows and that does not require expert testimony to establish; however, where the contested issue involves questions beyond the scope of lay knowledge testimony by the lay witness may be improper.

2. TRIAL — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.

Failure to object at trial to a jury instruction generally precludes appellate review of that instruction; however, in limited circumstances, the Court of Appeals will review unobjected-to instructional errors in order to prevent manifest injustice.

3. TRIAL — JURY INSTRUCTIONS — THEORIES OF PARTIES — APPLICABLE LAW.

A jury instruction is to be considered in its entirety and if the theories of the parties and the applicable law were adequately and fairly presented to the jury no reversible error will be found; a trial judge is not obliged to give a jury instruction in the manner requested by counsel so long as the jury is fully and properly apprised of the applicable law.

4. ASSAULT AND BATTERY — INSTRUCTIONS TO JURY — ELEMENTS OF OFFENSE — REQUEST FOR INSTRUCTIONS.

Failure of a trial court to instruct a jury on the definition or elements of assault and battery in a case in which assault and battery is the gravamen of the plaintiff's action, even though no such instruction has been requested, is so manifestly unjust as to require reversal of a verdict in favor of the defendant.

*Rothstein & Erlich,* for plaintiff.

*George G. Matish,* Acting Corporation Counsel, City of Detroit, and *William Dietrich* and *Mark V. Schoen,* Assistants Corporation Counsel, for defendants.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiff filed suit in the Wayne

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

County Circuit Court, claiming that the defendants, while engaged as police officers, had committed an assault on him. The two-count complaint alleged that defendants had committed an assault and battery upon plaintiff and had negligently failed to provide for his safety. A jury trial commencing on February 13, 1979, resulted in a directed verdict granted in favor of defendant Latimer, for the reason that he apparently was not involved in the matter, and a no cause of action verdict in favor of defendant Feld.

Plaintiff contends the trial judge committed several errors of law requiring reversal. We believe only two of the issues raised by plaintiff on appeal merit discussion and we shall consider each *seriatim.*

Plaintiff asserts that the trial court erred in not permitting him to testify regarding his medical expenses.

A lay witness generally may testify to something he knows and that does not require expert testimony to establish, such as the existence of a physical injury. *Gibson v Traver,* 328 Mich 698; 44 NW2d 834 (1950). See also MRE 701. Where, however, the contested issue involves medical questions beyond the scope of lay knowledge, such as the existence *vel non* of an injury, the scope of the injury or the causal link between an alleged accident and an injury, testimony by the lay witness may be improper. *Leavesly v Detroit,* 96 Mich App 92; 292 NW2d 491 (1980).

In the instant case, plaintiff testified that he had been in an automobile accident and had fractured his hip prior to the alleged assault. He claimed the assault exacerbated his prior hip injury and necessitated his undergoing a hip operation. At the point where plaintiff was asked to testify as to the

cost of the operation, defendants interposed an objection. In accord with this Court's recent decision in *Leavesly, supra,* we believe plaintiff was properly precluded from testifying about medical expenses. We doubt that plaintiff was qualified to render his opinion that his assault, and not the car accident, necessitated his hip operation.

Finally, plaintiff asserts a plethora of instructional errors, only one of which was objected to below. We note at the outset that the failure to object to a jury instruction generally precludes appellate review of that instruction. *People v Barker,* 97 Mich App 253; 293 NW2d 787 (1980), *People v Clay,* 91 Mich App 716, 723; 283 NW2d 870 (1979). GCR 1963, 516.2 provides:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Under very limited circumstances, however, our appellate Courts will review instructional errors not objected to in order to prevent manifest injustice. *Hunt v Deming,* 375 Mich 581, 585; 134 NW2d 662 (1965), *Raatikka v Jones,* 81 Mich App 428, 429-430; 265 NW2d 360 (1978). A recent decision of this Court, *Berlin v Snyder,* 89 Mich App 38, 41; 279 NW2d 322 (1979), delineated the standard of review for jury instructions:

"A jury charge must be considered in its entirety and if, on balance, the theories of the parties and the *applicable law* are adequately and fairly presented to the jury, we will not find reversible error. A trial judge is not obliged to give a jury charge in the manner

requested so long as the jury is fully and properly apprised of the applicable law." (Emphasis added.) (Citation omitted.)

We note that the gravamen of plaintiff's action is assault and battery and yet the record below is completely devoid of any jury instruction defining or explaining the elements of assault and battery.[1] Without such an instruction the jury could not have possibly, if it followed its oath and applied the evidence only to the law instructed upon, rendered a verdict in favor of the plaintiff. In effect, it was left to theorize as to what acts may legally constitute an assault and battery. In short, we believe this is one of those rare cases where the failure to instruct on a controlling legal issue, even though such an instruction was not requested, is so manifestly unjust as to require reversal.[2]

A similar case, *Smith-Douglass, Div of Borden*

[1] The trial in this case commenced on a Thursday. The court admonished counsel to submit their requests to charge the following Tuesday. The record reflects plaintiff's counsel presented no request to charge outside the Standard Jury Instructions.

We note that GCR 1963, 516.6(2) mandates that pertinent portions of the Standard Jury Instructions be given in civil cases where (a) they are applicable and (b) they accurately reflect applicable state law. We also note, however, GCR 1963, 516.6(4), which reads in pertinent part:

"This sub-rule does not limit the power of the court to give additional instructions on applicable law not covered by SJI."

Since the Standard Jury Instructions do not define assault and battery, the trial court must look to applicable case law in order to summarize this tort. See, *e.g., Tinkler v Richter*, 295 Mich 396; 295 NW 201 (1940).

[2] We wish to emphasize that, absent unusual circumstances, this Court will not review jury instructions unless trial counsel diligently adheres to the command of GCR 1963, 516.2. The rationale for this rule of restraint is succinctly stated in *Hunt v Deming*, 375 Mich 581, 585; 134 NW2d 662 (1965):

"[T]he Court will exercise its discretion in this fashion but sparingly. To do otherwise would be to encourage counsel to maintain silence in the face of correctable erroneous instructions, hoarding their objections for use in the event of an unfavorable jury verdict."

*Chemical v Walch,* 391 Mich 201; 215 NW2d 142 (1974), is instructive. In that case, plaintiff's theory rested on principles of agency yet no instructions were given on the applicable rules of agency. Plaintiff did not object to the charge as delivered, however, the Court ordered a new trial, stating:

"Where, however, the record is completely silent as to *any* instruction on the controlling legal issue supported by the testimony presented to the jury, a new trial may be ordered." (Emphasis in original.) *Smith-Douglass, supra,* 204.

See also, *Krajenke v Preferred Mutual Ins Co,* 68 Mich App 211, 219; 242 NW2d 70 (1976).

In addition, under the standard of review established in *Berlin, supra,* the omission of an assault and battery instruction inescapably leads to the conclusion that the jury was not instructed on the applicable law.

Plaintiff did object to the trial judge's refusal to give instructions on exemplary damages, thus preserving that issue for appeal. We believe this was error. For purposes of retrial, should plaintiff ask for an instruction on exemplary damages, the court should elucidate the relevant law and the permissible scope of the jury's consideration. *Krajenke, supra.*

Plaintiff failed to interpose timely objections to the other instructions objected to here on appeal as required by GCR 1963, 516.2, and we are precluded, therefore, from reviewing them.

Reversed and remanded for new trial in accordance with this opinion. Costs to appellant.