SCALABRINO v GRAND TRUNK WESTERN RAILROAD
COMPANY

Docket No. 58128. Submitted July 25, 1983, at Detroit.—Decided June 28, 1984. Leave to appeal applied for.

Plaintiff, William Scalabrino, was injured in a collision between his automobile and a Grand Trunk Western Railroad train. Plaintiff sued Grand Trunk in the Wayne Circuit Court and obtained a judgment with a finding that plaintiff was 95% negligent. The court, Harold M. Ryan, J., instructed the jury that, if they found that plaintiff violated a statute concerning stopping at railroad crossings, plaintiff was negligent as a matter of law. Upon agreement of the parties, court was recessed at the close of the charge to the jury. During the recess the jury began deliberations. After the recess, plaintiff objected to the instruction. Plaintiff appealed. *Held:*

Appellate review of jury instructions which were not objected to prior to the commencement of jury deliberations is precluded absent manifest injustice. A correct statement of the law is that, if the jury found that plaintiff violated the statute, they then could infer that plaintiff was negligent. The instruction went to the heart of the case and, in these circumstances, manifest injustice would result from failure to review the issue. The giving of the instruction constituted reversible error because it was an erroneous instruction on a material issue.

Reversed and remanded.

1. Appeal — Jury Instructions — Preserving Question — Manifest Injustice.

Appellate review of jury instructions which were not objected to prior to the commencement of jury deliberations is precluded absent manifest injustice; manifest injustice would result from a failure to review alleged instructional error where an objection was placed on the record within minutes after the jury

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 533, 535, 623, 891.
   75 Am Jur 2d, Trial § 906.
[2] 5 Am Jur 2d, Appeal and Error § 810.
   75 Am Jur 2d, Trial §§ 623, 628, 920.

began deliberations, the delay was caused by an agreement of
counsel to recess briefly, and the verdict may have been based
on a misconception of the law.

2. TRIAL — JURY INSTRUCTIONS.
    A jury instruction on a material issue which is unlawful, errone-
    ous, contradictory or conflicting is inherently defective and
    constitutes reversible error.

*Philo, Atkinson, Steinberg, Walker & White* (by
*Richard L. Steinberg)*, for plaintiff.

*Dennis W. Krakow*, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS
and R. R. LAMB,* JJ.

WAHLS, J. Plaintiff appeals a jury verdict which
awarded him a judgment against defendant in the
amount of $1.4 million for injuries sustained in a
railroad crossing collision between plaintiff's auto-
mobile and defendant's train. The jury reduced the
award 95% by finding the plaintiff comparatively
negligent.

On appeal, plaintiff raises several allegations of
error. The dispositive question is whether it was
reversible error for the trial judge to instruct the
jury from a Standard Jury Instruction which in-
correctly stated the law. We answer in the affirma-
tive and remand for a new trial.

On August 17, 1976, at approximately 6:30 p.m.,
plaintiff was driving westbound on Ten Mile Road
when his car collided with defendant's southbound
freight train. Plaintiff testified that he did not
hear the train whistle or see the grade-crossing
lights flashing as he approached the tracks.

Defendant's train was travelling at 46 miles per
hour as it travelled through the railroad crossing.

* Circuit judge, sitting on the Court of Appeals by assignment.

The crossing was not equipped with gate guards. Several other cars were travelling in the area at the time of the collision. Three drivers testified that, as they approached the railroad crossing, they observed lights on defendant's train, flashing lights around the crossing and they heard defendant's train whistle. Two drivers testified that they also drove up to the crossing but, upon observing the flashing lights and hearing the whistle, they both stopped their automobiles at the crossing. However, one driver stated that he neither heard a train whistle nor observed flashing lights and proceeded over the tracks just ahead of plaintiff, and narrowly missed being hit by the train.

On impact, plaintiff's car was pushed 1,264 feet down the railroad track. Plaintiff and his passenger were pinned inside the wreck. In order to remove plaintiff from the car, a Warren Fire Department medic amputated plaintiff's arm with a hunting knife.

At trial, plaintiff alleged negligence by the defendant for the excessive speed of the freight train, its failure to erect automatic gate guards and the failure of the train crew to keep a proper lookout. The defendant responded that the plaintiff's failure to stop at the crossing, in violation of state law, was the sole proximate cause of the accident. In addition to the testimony of drivers who were witnesses to the collision, both parties introduced evidence of ordinances and statutes governing the conduct of the other party under the circumstances. The parties also introduced expert testimony regarding the reasonableness of their conduct under the circumstances.

At the close of the evidence, the trial judge instructed the jury, *inter alia,* on the effect the plaintiff's violation of the statute, which requires

one to stop at crossing, would have on the question of negligence:[1]

"Whenever any person driving a vehicle approaches a railroad grade crossing under any of the following circumstances, the driver shall stop within 50 feet but not less than 15 feet from the nearest rail of the railroad, and shall not proceed until he can do so safely.

"Those circumstances are, first, a clearly visible electric or mechanical signal device which gives warning of the immediate approach of a railroad train.

"Now, if you find that the plaintiff violated this statute before or at the time of the occurrence then, the plaintiff was negligent as a matter of law. You must then decide whether such negligence was a proximate contributing cause of the occurrence."

When the trial judge finished instructing the jury, the jury retired to deliberate. Counsel for both parties agreed to a recess so that they could obtain information on the shooting of President Reagan, which had occurred earlier while court was in session. The recess lasted about five min-

---

[1] The relevant statute is set forth in full below:

"(1) When a person driving a vehicle approaches a railroad grade crossing under any of the following circumstances, the driver shall stop the vehicle not more than 50 feet but not less than 15 feet from the nearest rail of the railroad, and shall not proceed until the driver can do so safely:

"(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a railroad train.

"(b) A crossing gate is lowered or a flagman gives or continues to give a signal of the approach or passage of a railroad train.

"(c) A railroad train approaching within approximately 1,500 feet of the highway crossing gives a signal audible from that distance, and the train by reason of its speed or nearness to the crossing is an immediate hazard.

"(d) An approaching railroad train is plainly visible and is in hazardous proximity to the crossing.

"(2) A person shall not drive a vehicle through, around, or under a crossing gate or barrier at a railroad crossing while the gate or barrier is closed or is being opened or closed.

"(3) A person who violates this section is responsible for a civil infraction." MCL 257.667; MSA 9.2367.

utes. Upon returning, plaintiff's counsel placed an objection on the record to several instructions. Plaintiff argued that the instruction as to the effect of his failure to stop at the crossing was incorrect. Plaintiff argued that the correct instruction would say that the jury could only infer negligence from his failure to stop at the crossing. The trial judge did not respond to the objection or reinstruct the jury. After the jury returned its verdict, plaintiff filed a motion for a new trial. The motion was denied. Plaintiff appeals as of right.

On appeal, both parties acknowledge that the trial judge instructed the jury from an outdated section of the Michigan Standard Jury Instructions (SJI). The accurate instruction states in pertinent part:[2]

"If you find that the [plaintiff] violated this statute before or at the time of the occurrence, you may infer that the [plaintiff] was negligent." SJI2d 12.01, p 2-35.

However, the parties disagree on the standard this Court should apply on review. Plaintiff argues that such errors are automatically reversible under the standard expressed by the Supreme Court in *Javis v Ypsilanti School Bd,* 393 Mich 689; 227 NW2d 543 (1975). Defendant responds that the issue under any standard is not reviewable because of the plaintiff's failure to object to the

[2] The change in the jury instruction was prompted by the rule announced by the Supreme Court in *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976). In *Zeni,* the trial court had instructed the jury that if plaintiff was found to have violated a provision of the Motor Vehicle Code, then plaintiff was negligent as a matter of law. On appeal, the Supreme Court rejected this instruction as a misstatement of Michigan law on the ground that a person's violation of a Michigan penal statute only gives rise to a rebuttable presumption that the person's actions were negligent. 397 Mich 143. Thereafter, in *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982), the *Zeni* rule was applied in a civil setting.

instructions before the jury began their deliberations.

The law on instructions to the jury is governed primarily by rule 516 of the Michigan General Court Rules. GCR 1963, 516. With respect to the SJI, subrule 516.6 provides that a trial court is required to instruct a jury therefrom if the instruction is applicable and if it accurately states the law. *Ibid.* When a trial court omits or deviates from an applicable and accurate SJI, this state has adopted a strict standard which presumes prejudicial error:

"Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously omitted SJI was requested at trial; and provided that in those cases where error is charged as a result of deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations." *Javis v Ypsilanti School Bd,* 393 Mich 689, 702-703; 227 NW2d 543 (1975).

The foregoing rule makes it clear that an instruction given by a trial judge from the SJI must be accurate. "The SJI do not establish substantive law, and the trial court has the responsibility for determining that their statement of the law is correct." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed Supp, 1983), p 204.

However, we hold that the strict standard of review required under *Javis* is not applicable to the present case. Here, we are not faced with a scenario in which the trial judge omits or deviates from an applicable and accurate instruction. The SJI here had been overruled three years prior to trial. Rather, the error arises out of the unerring recitation by the trial judge from an applicable but

totally inaccurate SJI. The *Javis* standard was adopted to encourage the bench and the bar to apply the SJI consistently and uniformly whenever an instruction contained therein was applicable and accurate. *Javis, supra,* p 699. The *Javis* standard was not intended to supersede the court rule and require automatic reversal for every instructional error.

We hold that, whenever an instructional error concerns an instruction in the SJI which is either inapplicable or inaccurate or both, the general requirements of subrule 516.2 govern:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." GCR 1963, 516.2.

The defendant in the present case is correct in stating that under subrule 516.2 review of an alleged error is predicated upon a timely objection by the opposing party. *Postill v Booth Newspapers, Inc,* 118 Mich App 608, 325 NW2d 511 (1982), *lv den* 417 Mich 1050 (1983). *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608; 310 NW2d 15 (1981), *lv den* 413 Mich 874 (1982). However, a court on review may review an alleged instructional error *sua sponte* when it deems it necessary to prevent manifest injustice. *People v McCoy,* 392 Mich 231, 235; 220 NW2d 456 (1974). *Hunt v Deming,* 375 Mich 581, 585; 134 NW2d 662 (1965). *Howard v Feld,* 100 Mich App 271, 274; 298 NW2d 722 (1980).

In the present case, we find that manifest injustice would result if this Court did not review

plaintiff's claim of error. First, our review of the transcript reveals that plaintiff did place an objection to the instruction on the record within minutes after the jury began their deliberations. The reason for the delay seems to lie in an agreement between counsel to recess briefly to acquire information on the condition of President Reagan, who had been shot earlier in the day. It is not clear from the record whether plaintiff's counsel understood that the jury had been instructed to begin deliberating from the point of the recess but, after resuming, both counsel proceeded to place objections to the instructions on the record. We would hesitate to apply subrule 516.2 in a strict manner on the facts before us. The trial judge could easily have corrected the error by responding to plaintiff's objection and reinstructing the jury. *Hunt v Deming, supra,* pp 584-585. GCR 1963, 516.4. His failure to either respond to or correct his charge complicates further our application of subrule 516.2. We hold the trial judge's failure was error, *Kirby v Larson,* 400 Mich 585, 604-605; 256 NW2d 400 (1977), and under the circumstances of this case excuse plaintiff's untimely objection.

Second, we find that review is required to avoid injustice because of the very nature of the error. The trial court incorrectly stated the law on the effect of plaintiff's violation of the statute on the question of negligence. Review of such an instruction is appropriate when it is apparent that the verdict of the jury may have been based upon a misconception of the law. *Blumelein v Szepanski,* 101 Mich App 184, 191; 300 NW2d 493 (1980), *lv den* 411 Mich 995 (1981). In the present case, the incorrect instruction affected the very essence of the case. Therefore, review is appropriate.

When reviewing a claimed error in a jury in-

struction, the instruction must be read as a whole. *Broth v DeGrandchamp,* 71 Mich App 439; 248 NW2d 576 (1976), *lv den* 400 Mich 808 (1977). *Froling v Bischoff,* 73 Mich App 496; 252 NW2d 832 (1977). Reversible error will not result if on balance the theories of the parties and the applicable law are adequately and fairly presented to the jury. *Berlin v Snyder,* 89 Mich App 38, 41; 279 NW2d 322 (1979). However, where an unlawful, erroneous, contradictory or conflicting instruction is given to a jury on an issue material to the case, the instruction is inherently defective and constitutes reversible error. *Kirby v Larson, supra,* pp 604-607. *Iwrey v Flowler,* 367 Mich 311, 314-316; 116 NW2d 722 (1962). *Getman v Mathews,* 125 Mich App 245, 247-248; 335 NW2d 671 (1983).

In the present case, the issue of negligence was the fundamental issue. We find the erroneous charge inherently defective. Therefore, we reverse and remand for a new trial. Because of our disposition of this issue, we do not consider the merits of plaintiff's remaining allegations.