# Court of Appeals, State of Michigan

## ORDER

Cherisse Withers v Sentinel Insurance Company Limited

Docket No.     360119

LC No.       21-001617-NF

Mark J. Cavanagh
Presiding Judge

Colleen A. O'Brien

Michelle M. Rick
  Judges

The January 19, 2023 opinion is hereby VACATED, and a new opinion is attached. The new opinion corrects a clerical error in footnote 1. In all other respects, the January 19, 2023 opinion remains unchanged.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____January 20, 2023_____
Date

_____
Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHERISSE WITHERS,

        Plaintiff-Appellee,

and

SOUTHFIELD REHABILITATION COMPANY
LLC, doing business as SURGEONS CHOICE
MEDICAL CENTER,

        Intervening Plaintiff,

v

SENTINEL INSURANCE COMPANY LIMITED,

        Defendant-Appellee,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
January 20, 2023

No. 360119
Wayne Circuit Court
LC No. 21-001617-NF

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

In this no-fault priority dispute under the Michigan no-fault act, MCL 500.3101 *et seq.*, defendant Progressive Michigan Insurance Company (Progressive) appeals by application for leave granted[1] the trial court order granting summary disposition in favor of defendant Sentinel

---

[1] *Withers v Sentinel Ins Co Limited*, unpublished order of the Court of Appeals, issued May 18, 2022 (Docket No. 360119).

Insurance Company Limited (Sentinel) under MCR 2.116(C)(10) (no genuine issue of material fact). Progressive also challenges the trial court's dismissal, with prejudice, of the complaint filed against Sentinel by plaintiff, Cherisse Withers, and intervening plaintiff, Southfield Rehabilitation Company, LLC D/B/A Surgeons Choice Medical Center (Surgeons Choice). We reverse and remand to the trial court for further proceedings.

## I. BACKGROUND

This case arises out of injuries that plaintiff Withers allegedly sustained and/or exacerbated in two different motor vehicle accidents. The first accident occurred on December 29, 2010 (2010 accident). At the time, plaintiff held a no-fault insurance policy with Sentinel. The second accident occurred on July 7, 2012 (2012 accident). Plaintiff was then insured by Progressive, not Sentinel. In the instant case, plaintiff Withers brought an action for PIP (Personal Injury Protection) benefits against both Progressive and Sentinel for both the injuries resulting from both the 2010 and 2012 accidents. Intervening plaintiff Surgeons Choice also filed a complaint for first-party PIP benefits. Sentinel moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to summary disposition because plaintiff and Surgeons Choice's claims for PIP benefits arose solely out of the 2012 accident.

Following the 2010 accident, plaintiff received medical treatment for various injuries, including injuries to her neck and mid- and lower back. Plaintiff underwent a course of treatment for her injures which included physical therapy, chiropractic intervention, injections and prescription pain medicine. Plaintiff was treated by a number of medical professionals in 2011 and 2012, including Dr. Robert Farhat, for her 2010 accident injuries. In June 2012, plaintiff continued to report ongoing neck, thoracic spine, and low back pain and "leg symptoms" to Dr. Robert Farhat. On June 26, 2012, plaintiff underwent a procedure, completed by Dr. Fahrat, to address her continued pain.

The second motor vehicle accident occurred on July 7, 2012. As a result of the 2012 accident, plaintiff's vehicle was totaled, and she suffered injuries to her hip, knee, back, and neck. Plaintiff received ongoing physical therapy, injections, and had at least three surgeries. Plaintiff also claimed to have suffered from depression as a result of the 2012 accident.

On July 16, 2012, plaintiff signed a release for PIP claims against Sentinel arising from the 2010 accident. The release provided that plaintiff discharged "all personal protection insurance benefits claims and occurring as a result of injuries, losses and damages sustained by [plaintiff] from the date of said accident [December 29, 2010], through May 21, 2012." However, the release did not release claims against Sentinel "for medical benefits which may accrue in the future as a result of the injuries, losses, and damages sustained by [plaintiff] as a result of the accident."

Following the 2012 accident, plaintiff obtained medical treatment for her injuries. On August 28, 2012, plaintiff visited Dr. Farhat. Dr. Farhat noted that plaintiff "had a history of neck and low back pain from an automobile accident" and that plaintiff had been involved in a "new car accident in July, which exacerbated her neck pain."

On February 5, 2021, plaintiff filed a complaint initiating the instant action. Plaintiff alleged counts for breach of insurance contract and statutory no-fault duties as to both Sentinel and Progressive, stemming from both the 2010 and 2012 accidents.

On October 1, 2021, Sentinel moved for summary disposition under MCR 2.116(C)(10), seeking dismissal with prejudice the complaints of plaintiff and Surgeons Choice. The primary evidentiary basis for Sentinel's motion was plaintiff's deposition testimony taken on September 14, 2021.[2] At her deposition, plaintiff testified that she stopped treatment for her 2010 accident injuries in 2011. Plaintiff testified that her back and neck pain resulting from the 2010 accident had been remedied before the 2012 accident. However, plaintiff expressed uncertainty as to what her medical needs were prior to the 2012 accident, expressing "I don't know," "I'm not a doctor" and "I am not sure."

Relying primarily on plaintiff's deposition testimony, Sentinel argued that dismissal of plaintiff's claims was appropriate because plaintiff admitted that she did not seek PIP benefits for injuries related to the 2010 accident and testified that her symptoms associated with the 2010 accident had resolved in 2011, before the 2012 accident occurred. Sentinel further argued that Surgeons Choice's complaint should be dismissed because its complaint solely referenced the 2012 accident, and the medical bills for which Surgeons Choice sought satisfaction were related only to plaintiff's injuries resulting from the 2012 accident. Sentinel also cited the July 16, 2012 release of claims signed by plaintiff that released PIP claims against Sentinel through May 21, 2012.

In response, Progressive argued that summary disposition was not appropriate. First, Progressive argued that plaintiff's deposition testimony relating to the causation of her injuries should be discounted because she is not a medical expert, and therefore, such testimony was not admissible under MRE 702. Additionally, Progressive argued that plaintiff's deposition testimony was inconsistent and that plaintiff's medical records established that plaintiff's 2010 accident injuries were unresolved at the time of the 2012 accident. Therefore, there remained a question of fact as to which accident plaintiff's claims were attributable to. In support of its response to Sentinel's motion, Progressive provided plaintiff's medical records. Plaintiff also filed a response to Sentinel's motion, which was consistent with the arguments of Progressive. Surgeons Choice filed a concurrence to both Progressive and plaintiff's response to Sentinel's motion.

The parties argued consistent with their briefs at the motion hearing on November 18, 2021. Plaintiff's counsel's argued that Progressive's expert opined that plaintiff's ongoing injuries were aggravated by plaintiff's preexisting conditions. The trial court rejected the argument. It stated:

> Of course[,] they're gonna [sic] say that, you know. . . . . Of course[,] Progressive wants to point the finger but I'm not gonna [sic] allow it. You know, [plaintiff's] got a release. The intervening claims say they relate to that. You know, I'm not buying it. And, like I said, when it comes down to it, I will grant a motion

---

[2] We note that plaintiff's deposition testimony was taken approximately 10 years after the 2010 and 2012 accidents had occurred.

in limine to not make any reference to the 2010. This is ludicrous. There's nothing here that relates this and everything that says that—one, this [2010] accident that happened at a gas station versus a totaled vehicle[, the 2012 accident]. I'm not gonna [sic] allow it. You know, there's nothing here. There is nothing here and I'm not—you know, there's nothing—even taking the evidence in the light most favorable to the nonmoving party, there's nothing here to keep Sentinel in this—in this matter. . . . I'm granting the motion for summary disposition . . . , I don't care what the expert said. Of course[,] Progressive is gonna [sic] say that. This was an incident where a woman indicated that she was fine. If anything, the [2012] accident is total—responsible for all aggravation, exacerbations or whatever you wanna [sic] say and . . . , you know, like I said, at this juncture, I'm granting the motion for summary disposition . . . . [T]he fact of the matter remains, everything lines up in terms of there was no problem with this woman, after the 2010 accident, after she treated during the course of 2011. You know, the— the release there at the 2012. The intervening parties—I'm granting the motion for summary—[.]

As it related to Progressive's counsel's argument that Dr. Farhat had continued to treat plaintiff's preexisting injuries through June 2012, and that those injuries were aggravated or exacerbated by the 2012 accident, the court was not persuaded. The court responded:

> Okay, but the fact of the matter remains she had stopped treating for the 2010 [accident]. You know, she had stopped treating and we—we know that she did have this disc problem, the herniation problem pre-accident. . . . . She knew she had this herniated disc problem and she knew that it was something that she had to deal with. Even it's evident that she didn't try, as many people often do, to try to relate a problem with the herniation to the 2010.

> \* \* \*

> So, you know, like I said, you can—everything—this was all aggravated as a result of the 2012 accident. What we have here is a situation where the—the 2010 accident occurred at a gas station, where they were—I believe they were at the pumps and then somebody bumped back into them. What you have here is the July, 2012 incident was a totaled incident. And, you know, like I said, if you can—there is red herrings. There is a lot of deflection that could go on but, you know, I have to be the gatekeeper and, as the gatekeeper here, in this instance, I'm granting Sentinel's motion for summary disposition. And, . . . even taking the evidence in the light most favorable to the nonmoving party, [the court] doesn't find that the 2010 Sentinel accident has any bearing on [plaintiff's] condition, as it goes forward, as a result of the accident where the vehicle was totaled in July of 2012. And [plaintiff] indicated what—in her testimony, herself, the exacerbations, her conditions, her depression and all that, and that she said she's not a doctor. Of course not, but she indicated that it was a result of the 2012 accident. So, we can't change that testimony. So[,] the Court is gonna [sic] grant the motion for summary disposition.

The court entered an order granting Sentinel's motion for summary disposition under MCR 2.116(C)(10), and dismissed with prejudice the complaints of plaintiff and Surgeons Choice against Sentinel. Progressive moved the court to reconsider its order, which the court denied.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665. A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and "may only be granted when there is no genuine issue of material fact." *Id*. at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Progressive asserts that the trial court erred by granting summary disposition under MCR 2.116(C)(10) in favor of Sentinel. We agree.

In granting Sentinel's motion, the court stated that "there was no problem with [plaintiff], after the 2010 accident, after she treated during the course of 2011." The court appeared to find that plaintiff stopped treating her injuries resulting from the 2010 accident before the 2012 accident had occurred. The court also stated that it did not care "what the expert said." Further, the court appeared to conclude that plaintiff's testimony supported its finding that plaintiff's injuries resulted solely from the 2012 accident.

When ruling on a motion for summary disposition, "[a] court may not weigh the evidence before it or make findings of fact; *if the evidence before it is conflicting,* summary disposition is improper." *Hines v Volkswagen of America, Inc,* 265 Mich App 432, 437; 695 NW2d 84 (2005) (quotation marks and citations omitted). Additionally, courts "may not resolve factual disputes or determine credibility in ruling on a summary disposition motion." *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007) (quotation marks and citation omitted). As stated, a trial court must construe all facts in favor of the nonmoving parties, which in this case are Progressive and plaintiff. *El-Khalil*, 504 Mich at 160. Further, "[a]ffidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion" brought under MCR 2.116(C)(10) "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6).

Sentinel relied entirely on plaintiff's deposition testimony to argue that plaintiff stopped receiving treatment for her 2010 injuries before the 2012 accident and that plaintiff's 2010 injuries were healed at the time of the 2012 accident. In response, Progressive submitted plaintiff's medical records that indicated that plaintiff had received ongoing medical treatment for her 2010-accident related injuries, including being treated on June 26, 2012. Less than two weeks later, plaintiff was involved in the second automobile accident on July 7, 2012. Despite Progressive providing these medical records, the court appeared to rely solely on plaintiff's deposition

testimony and determined that plaintiff's 2010 injuries had fully healed before the 2012 accident and that plaintiff's instant injuries resulted solely from the 2012 accident.

The trial court erred by weighing the evidence of plaintiff's deposition testimony against plaintiff's medical records in concluding that plaintiff's injuries in the instant case were wholly unrelated to the 2010 accident and were fully healed at the time of the 2012 accident. *Hines,* 265 Mich App at 437. Moreover, the issue of causation is generally reserved for the fact-finder unless there is no dispute of material fact. See *Patrick v Turkelson*, 322 Mich App 595, 616; 913 NW2d 369 (2018). Because Progressive provided plaintiff's medical records that contradicted plaintiff's deposition testimony, summary disposition was improper. See *Hines,* 265 Mich App at 437.

Moreover, Progressive argues that the trial court improperly considered plaintiff's deposition testimony as expert medical testimony under MRE 702. MRE 701 governs the admissibility of lay-witness testimony and provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Testimony of expert witnesses is governed by MRE 702, which provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"A lay witness generally may testify to something he knows and that does not require expert testimony to establish, such as the existence of a physical injury." *Howard v Feld*, 100 Mich App 271, 273; 298 NW2d 722 (1980), citing *Gibson v Traver*, 328 Mich 698; 44 NW2d 834 (1950).[3] "Where the subject of the proffered testimony is far beyond the scope of an individual's expertise—for example, where a party offers an expert in economics to testify about biochemistry—that testimony is *inadmissible* under MRE 702." *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 789; 685 NW2d 391 (2004).

As Progressive asserts and plaintiff, herself acknowledged, plaintiff is not a medical expert with the knowledge or background to opine on the causation or extent of her injuries. Although plaintiff's testimony regarding the existence of her physical injuries may be admissible under MRE 701, her testimony concerning the cause and extent of her injuries and whether or not her

---

[3] Cases decided before November 1, 1990 are not binding, MCR 7.215(J)(1), but this Court may consider them persuasive authority. See *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

injuries had been fully healed by the 2012 accident was not admissible. Moreover, as already discussed, Progressive provided plaintiff's medical records that contradicted plaintiff's testimony.

In light of this record, we conclude that there was conflicting evidence directly relating to whether plaintiff's injuries resulting from the 2012 accident were related to or distinguishable from plaintiff's injuries resulting from the 2010 accident. Given this conflicting evidence, a genuine issue of material fact exists regarding whether the 2012 vehicle accident aggravated plaintiff's preexisting injuries from the 2010 accident or caused new injuries. Therefore, the trial court erred by granting summary disposition in favor of Sentinel, and reversal is warranted.

Progressive further argues that the trial court erred by considering the release signed by plaintiff, which released plaintiff's PIP claims concerning the 2010 accident against Sentinel through May 21, 2012. Sentinel agrees that the release did not release PIP claims arising after May 21, 2012. Progressive asserts that the release was irrelevant under MRE 402 and not admissible to establish liability or invalidity of the claim under MRE 408. MRE 408 provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

During the hearing, the trial court noted: "You know, [plaintiff has] a release. The intervening claims say they relate to that. You know, I'm not buying it." It is unclear whether the trial court concluded that the release barred plaintiff's claims, but to the extent that it did so, it was error. See MRE 408. Additionally, the release clearly indicates that plaintiff did not release future medical benefit claims resulting from the 2010 accident occurring after May 21, 2012.

Finally, Progressive argues that the trial court erred by applying the wrong standard of review and finding that its role was to act as a "gatekeeper." In granting Sentinel's motion, the court stated "I have to be the gatekeeper" and determined that the 2010 accident did not have any bearing on plaintiff's injuries resulting from the 2012 accident. In doing so, the court, as discussed above, appeared to weigh conflicting evidence. Therefore, for reasons already explained, the court erred by granting Sentinel's motion for summary disposition under MCR 2.116(C)(10).

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ /Michelle M. Rick